OPINION OF THE COURT
C. Raymond Radigan, J.
The within petition for the appointment of coguardians, a standby guardian and alternate standby guardian for Leonard Schwartz is granted to the extent hereinafter set forth.
Petitioners are the parents of Leonard Schwartz, an adult disabled person, and by these proceedings seek their appointment as coguardians of the person and property of their son pursuant to SCPA article 17-A. It appears from the petition that by order of the Nassau County Supreme Court petitioners were heretofore appointed coconservators of their son’s property (Meade, J., Feb. 21, 1989). That order of appointment extends the authority of the coconservators to "all assets and income” of Leonard Schwartz.
Conservatorship provides for the appointment of a fiduciary *401 to care for the property of a conservatee (Mental Hygiene Law § 77.01) and to that extent the remedy of conservatorship and 17-A guardianship may provide alternative forms of relief. Unlike conservatorship, the remedy of guardianship provides for the appointment of a fiduciary of the person or property, or both, and to the extent that authority may extend over the person, conservatorship and guardianship do not provide duplicative forms of relief (cf., Mental Hygiene Law art 78; see also, Mental Hygiene Law § 78.02). As the Supreme Court has previously designated petitioners to be coconservators, the within proceeding suggests no need nor contemplated duties for a guardian of the property. Accordingly, the within petition will be granted to the limited extent that coguardians, a standby guardian, and an alternate standby guardian of the person of Leonard Schwartz will be appointed as requested by the petition. In all other and further respects, the petition is denied.
The decree submitted will be signed if found to be in proper form.